IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DAVID ROSS SANDERS,**

Plaintiff

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security

Defendant.

Civil No. 10-1084-CL

**FINDINGS AND
RECOMMENDATION**

CLARKE, Magistrate Judge:

Plaintiff David Sanders ("Sanders") seeks judicial review of the Social Security Commissioner's final decision finding that his entitlement to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act began on February 15, 2006. This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be affirmed.

///

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born in 1944 (Tr. 76), Sanders has a twelfth-grade education. Tr. 90. He filed an application for DIB on April 15, 2003, alleging disability since September 1, 1998, due to heart and vascular disease. Tr. 17. The Commissioner denied this application on July 23, 2003 (Tr. 64), and Sanders did not appeal.

Sanders filed second applications for DIB and SSI on November 30, 2004 (Tr. 76-79), this time alleging disability since August 1, 2004. Tr. 76. The Commissioner denied these applications initially and upon reconsideration. Tr. 59-68. An ALJ held a hearing on January 24, 2008 (Tr. 794-868), and subsequently found him disabled beginning February 15, 2006. Tr. 32.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

2 - FINDINGS AND RECOMMENDATION

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(a)(4)(v); 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If the claimant cannot perform such work, he is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 404.1566; 416.920(g); 416.966.

## THE ALJ'S FINDINGS

The ALJ first discussed the procedural history associated with Sanders' April 15, 2003, claim, and declined to reopen the Commissioner's July 23, 2003, determination that Sanders was not

3 - FINDINGS AND RECOMMENDATION

disabled prior to that date. Tr. 17-19.

At step one in the sequential proceedings, the ALJ found that Sanders had performed substantial gainful activity "during part of the time" since his September 30, 2000, alleged onset date. Tr. 21. The ALJ found Sanders' degenerative disc disease of the cervical spine, congestive heart failure and history of coronary artery disease, depressive disorder, alcoholism, and drug abuse "severe" at step two. Tr. 22. These impairments did not meet a listing at step three. Tr. 25.

The ALJ found that, prior to February 15, 2006, Sanders retained the RFC to perform medium work, with the ability to lift and carry 20 to 30 pounds "occasionally, although not frequently." Tr. 26. He also found that Sanders could "stand and walk for 4 hours out of an 8 hour day and sit for 8 hours during the same length of time. The claimant could occasionally climb, balance, stoop, kneel, crouch, and crawl. He also needed to avoid extremes of cold and hazards." *Id.* The ALJ concluded that Sanders could perform his past relevant work prior to February 15, 2006, and therefore was not disabled prior to that date. Tr. 30.

After February 15, 2006, the ALJ limited Sanders to sedentary work (Tr. 29), and concluded that this prevented Sanders from performing his past relevant work after that date. Tr. 30. The ALJ also determined that Sanders was an "individual of advanced age" on February 15, 2006, and therefore found him disabled as of that date. Tr. 31.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Id.*

(quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see* also *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see* also *Batson*, 359 F.3d at 1193.

## ANALYSIS

### I.     April 7, 2003 Application

Sanders asserts that the ALJ should have reopened his April 7, 2003, DIB application. Sanders made his first application for DIB on April 7, 2003 (Tr. 80-82), and the Commissioner denied this claim on July 23, 2003. Tr. 64. Sanders did not appeal this determination, and later filed a subsequent DIB application on November 30, 2004, which is presently under review.

At the January 24, 2008 hearing before the ALJ, Sanders' counsel asked that the "older" 2003 application be reopened. Tr. 812. He concurrently argued that a June 11, 2003, Disability Determination Services ("DDS")[1] note in the record establishes that Sanders was disabled as of September 30, 2000. Tr. 813. This citation shows that a reviewing physician, who signed his record

---

[1] DDS is a federally-funded state agency that makes disability eligibility determinations on behalf and under the supervision of the Social Security Administration. 20 C.F.R. §§ 404.1503; 416.903.

5 - FINDINGS AND RECOMMENDATION

entry "JSP" and is concurrently identified in the record as J. Scott Pritchard, D.O., wrote: "Evaluation 9/30/00 found the [claimant] to have listing level ABI's[2]." Tr. 204. Sanders theorized that this note established that the Commissioner preciously determined that he met Listing § 4.12 under the Commissioner's regulations, and that he was therefore disabled as of that date.

The ALJ discussed the matter in her decision, and concluded that "reopening of the prior determination is not appropriate." Tr. 18.

Sanders now repeats his assertion that the ALJ should have reopened the April 7, 2003, claim. Pl.'s Opening Br. 4-5. This court is generally without jurisdiction to review an ALJ's decision not reopen a prior claim because a "denial of a motion to reopen is a discretionary decision, it is not final, and, thus is not generally reviewable by a district court." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citing *Udd v. Massinari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001)). An exception arises when a claimant asserts a colorable constitutional claim. *Id.* (citing *Califanio v. Sanders*, 430 U.S. 99, 107-09 (1977)).

Sanders presently makes no such claim. He instead asserts that "good cause" arises under the Commissioner's regulations at 20 C.F.R. § 404.988(b) for reopening a denied claim. Pl.'s Opening Br. 4. Here Sanders points to his theory that Dr. Pritchard found that he met Listing 12.04, and further asserts that he may not have received the July 2003 benefit denial because he moved at an unspecified date. *Id.* at 5.

---

[2]The ankle-brachial index test compares blood pressure measured at the ankle with blood pressure measured at the arm. The low index number may indicate narrowing or blockage of the arteries in the legs. Mayo Clinic, "Ankle-brachial index," available at: http://www.mayoclinic.com/health/ankle-brachial-index/MY00074 (last visited November 14, 2011).

6 - FINDINGS AND RECOMMENDATION

This argument is without merit. Dr. Pritchard's annotation is not a finding of disability, and it is not a final decision of the Commissioner. This court is therefore without jurisdiction to review it. Further, nothing in the record suggests that Sanders changed addresses at the time of the July 23, 2003, benefit denial. This submission also fails.

For all of these reasons, Sanders fails to establish the Commissioner erroneously failed to reopen his April 7, 2003, disability application.

## II.     Onset Date

The ALJ found Sanders disabled as of February 15, 2006. Tr. 32. Sanders asserts, without explanation, that the ALJ should have found that his disability began on either September 30, 2000, or August 1, 2004. Pl.'s Opening Br. 5. Sanders acknowledges that he worked at substantial gainful activity levels in 2002 and 2003, but argues that this work should be considered a trial work period. *Id.* at 6.

As discussed, the Commissioner determined that Sanders was not disabled between his first alleged onset date, September 1, 1998, and the Commissioner's July 23, 2003, decision that he was not disabled. Tr. 64. Sanders did not appeal that decision. Such a decision precludes the claimant from later arguing that he was disabled during the same period. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). It also raises a presumption of continuing non-disability. *Id.*

Sanders' submission fails to acknowledge this standard. His argument is furthermore predicated upon his own testimony regarding his neck, leg, and hand cramps. Pl.'s Opening Br. 6. The ALJ rejected Sanders' testimony. Tr. 28. Sanders does not challenge this finding, and therefore cannot now rely upon his own testimony. Sanders therefore fails to show that the presumption of

7 - FINDINGS AND RECOMMENDATION

continuing non-disability does not apply to the period before July 23, 2003.

While Sanders' heading indicates an assertion that "alternatively" the ALJ should have found his onset date was August 1, 2004, his argument provides no explanation for this alleged error, Pl.'s Opening Br. 5-6, and he does not address the matter in his Reply. This argument therefore also fails.

In summary, the ALJ's finding that Sanders' disability began on February 15, 2006, should be affirmed.

## III.  RFC Assessment

Sanders also argues that the ALJ erroneously evaluated his RFC pertaining to the period before his February 15, 2006, disability onset date.

### A.  Standards

The ALJ evaluates a claimant's RFC between steps three and four of the sequential proceedings. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). The RFC represents the most a claimant "can still do despite" his limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The assessment is based upon all relevant medical evidence, as well descriptions of a claimant's symptoms furnished by the claimant or lay witnesses. 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). In the Ninth Circuit, once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter*, 504 F.3d at 1036 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

///

///

8 - FINDINGS AND RECOMMENDATION

B.  **Analysis**

1.  **Credibility**

The ALJ found that Sanders' testimony "for the time period prior to February 16, 2006 was not convincing." Tr. 28. Sanders asserts that "credibility is not an issue in this case," Pl.'s Opening Br. 8, and does not challenge the ALJ's credibility finding. The ALJ's determination of the matter should therefore be affirmed.

2.  **Manipulative Limitations**

Sanders argues that the ALJ failed to include limitations pertaining to his hands in his RFC. Pl.'s Opening Br. 6-7. He cites his own unspecified testimony regarding his "complaints of right hand use," asserting that it is consistent with the medical record. *Id.* at 7. The ALJ rejected Sanders' symptom testimony, and Sanders does not challenge that finding. He therefore cannot now rely upon his own description of his manipulative limitations in asserting error. For this reason, Sanders fails to establish the ALJ erroneously omitted manipulative limitations from his RFC.

3.  **Exertional Limitations**

The ALJ found that Sanders could perform medium work, with the "ability to lift 20 to 30 pounds occasionally, although not frequently." Tr. 26. Sanders argues that "there is no evidence in the record that claimant could lift more than 20 to 30 pounds occasionally." Pl.'s Opening Br. 7.

Medium work generally requires that a claimant be able to lift up to 50 pounds, and frequently lift or carry up to 25 pounds. 20 C.F.R. §§ 404.1567(c); 416.967(c). However, the ALJ further restricted Sanders to occasionally lifting "20 to 30 pounds." Tr. 26. Because the ALJ made no finding that Sanders could lift more than 20 to 30 pounds, Sanders fails to show error. This

9 - FINDINGS AND RECOMMENDATION

argument therefore fails.

### C.  RFC Conclusion

In summary, Sanders fails to show error in the ALJ's RFC assessment. The ALJ's RFC assessment should be affirmed.

### IV.  Step Four Findings

Finally, Sanders argues that the ALJ erred in finding that, prior to February 15, 2006, he could return to his past relevant work at step four in the sequential proceedings. Pl.'s Opening Br. 7. He specifically argues that his substance abuse should not effect the ALJ's step four findings, and that his physical impairments are disabling. *Id.* at 8. He offers no explanation for this argument other than citations to his own testimony. *Id.*

The ALJ must include all properly-supported limitations in his questions to the vocational expert at step four in the sequential proceedings, but may exclude unsupported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Because the ALJ rejected Sanders' testimony, and Sanders does not challenge that finding, the ALJ was not required to include limitations described in his testimony. Sanders' challenge to the ALJ's step four findings is therefore without merit. The ALJ's step four findings should be affirmed.

### **CONCLUSION AND RECOMMENDATION**

The Commissioner's decision that Sanders' disability began on February 15, 2006, is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision should be AFFIRMED.

///

10 - FINDINGS AND RECOMMENDATION

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by December 9, 2011. If objections are filed, any response to the objections are due by December 27, 2011,* see *Federal Rules of Civil Procedure 72 and 6.*

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 21 day of November, 2011.

Mark D. Clarke
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION